IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARVIN D. HERREN,<br><br>　　　　Defendant. | Case No. 15-00018-01-CR-W-DGK |

GOVERNMENT'S SENTENCING MEMORANDUM
AND REQUEST FOR ABOVE-GUIDELINES SENTENCE

COMES NOW, the United States of America, by and through Tammy Dickinson, United States Attorney and David Luna, Assistant United States Attorney, and respectfully offers this Memorandum to the Court in support of its recommendation that defendant Marvin D. Herren be sentenced to an above-Guidelines sentence of 23 years (276 months) for the reasons set out below:

I.  **Background**

　A.　**Charges and Plea**

The defendant was indicted on January 27, 2015, with the offenses of Travel with Intent to Engage in Illicit Sexual Conduct and Attempted Transfer of Obscene Material to a Minor for conduct that occurred in March 2014 and involved a 15 year old female.

On August 11, 2015, the Government filed a superseding information charging Herren with Count 1 - Travel with Intent to Engage in Illicit Sexual Conduct with a Minor, and Count 2

- Attempted Use of an Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity.[1]  Herren pled guilty before this Court, pursuant to a binding written plea agreement (PA[2]), to both counts of the superseding information.

Pursuant to the plea agreement, the parties agreed that the defendant would be sentenced to not less than 120 months and not more than 300 months.  (PA ¶¶ 6 and 10k).  In the subsequent Court-ordered Presentence Investigation Report[3], Herren's final Guideline calculation resulted in an offense level of 34, a criminal history category of I, and a suggested Guideline imprisonment range of 151 to 188 months.  (PSR ¶ 75.)

II.    The 18 U.S.C. § 3553(a) Factors Require an Above-Guidelines Sentence

   A.    The Nature and Circumstances of the Offense and the Need for the Sentence Imposed to Reflect the Seriousness of the Offense (§§ 3553(a)(1) and 3553(a)(2)(A))

In March 2015, the 52 year old defendant traveled from his home in Kentucky to St. Joseph, Missouri for the sole purpose of having sexual intercourse with a 15 year old girl (hereinafter minor victim or MV) who he had met online merely days before.  (PA ¶ 3.)  Indeed, the only purpose in even meeting MV was the defendant's hope of eventually having sexual contact with her.  Within days of meeting MV through social media, the defendant engaged her in sexually charged conversation, sent her nude photos of him displaying his erect penis, and solicited nude photos from MV.  (PA ¶ 3.)

---

[1] Count 1 of the superseding information references the identical conduct charged in Count 1 of the original indictment.  Count 2 of the superseding information references separate and subsequent conduct which occurred between December 17, 2014 through January 24, 2015 involving an undercover agent masquerading as a minor.
[2] "PA" refers to indicated paragraphs in the written plea agreement (Doc. 24) signed by the defendant on August 11, 2015.
[3] "PSR" will refer to paragraphs of the final Presentence Investigation Report (Doc. 25) which were not objected to by the defendant, unless otherwise noted.

2

On March 6, 2014, Herren made the roughly 500 mile trip to St. Joseph, Missouri. Though Herren had the at least 8 hour drive to consider his actions and their consequences, he disregarded any second thoughts or misgivings he may have had and continued to Missouri where he had sexual intercourse and mutual oral sex with MV in the backseat of his car near MV's high school campus. Having quickly accomplished what he had set out to do, Herren then made the return trip to Kentucky. (PA ¶ 3.)

Though Herren would not see MV again, he continued to electronically message her for a short time during which he discussed her possible pregnancy and told the 15 year old MV that they were "now married in God's eyes." (PSR ¶ 8.) Clearly, Herren appreciated the wrongfulness of his conduct and was concerned about law enforcement learning of his actions as investigators would later discover evidence on his computer that on March 9, 2014, the defendant conducted Internet research of the runaway laws in Missouri, the statute of limitations on statutory rape, and whether a parent can press charges for such offenses. (PA ¶ 3.)

The defendant's concerns were well founded. Despite Herren asking MV never to turn him in (PSR ¶ 8), he was soon faced with the consequence of his actions when he was later confronted via phone by MV's mother (PSR ¶ 6) as well as at his home in Kentucky by FBI agents (PSR ¶ 9) regarding his contact with MV. Undeterred by the possibility of criminal charges resulting from his engaging in sexual intercourse with MV, however, Herren engaged in similar criminal acts with a person he again met through social media who he believed was another minor female living in Missouri (hereinafter "Jenny"). (PA ¶ 3.)

Although "Jenny" was in reality an undercover FBI agent, the defendant's actions towards "Jenny" were nevertheless as egregious as those regarding MV. Herren believed "Jenny" was only 14 years old and in the 9th grade. The day after his first contact with "Jenny",

3

the defendant asked her if she was a virgin. He eventually gave "Jenny" sexually explicit instructions on how to masturbate. Herren sent "Jenny" a photo of his erect penis and asked her in graphic terms if she wanted to perform oral sex on him. He also sent "Jenny" a video of two adults engaging in sexual intercourse and initiated conversations about visiting "Jenny" and having sexual intercourse and oral sex with her. (PA ¶ 3.) As with MV, the defendant's exclusive purpose in engaging "Jenny" was to satisfy his own sexual desire and "groom" her for actual future sexual contact.

In that vein, the defendant eventually seized upon a moment in which he believed "Jenny" was vulnerable. After learning that "Jenny" had argued with her mother and wanted to leave home, Herren told "Jenny" he was going to travel to Kansas City, Missouri and bring her back to Kentucky with him. (PA ¶ 3.) Though Herren would later imply to investigators that he traveled to Missouri out of concern for "Jenny," the transcripts of chat conversation between Herren and "Jenny" clearly demonstrate that the defendant's primary concern was that "Jenny" would have sex with any male she might stay with rather than save herself for the defendant. (PSR ¶ 16.)

It is also obvious in the transcripts of conversations between Herren and "Jenny" that the defendant absolutely appreciated the wrongfulness of his actions. Herren told "Jenny" that if she came to stay with him and the police found her, he would certainly be in trouble. (PSR ¶ 16.) While en route to Missouri he also instructed "Jenny" three different times to clear her Internet history so that there would be no evidence of their communications. (PSR ¶ 17.) Despite previously being investigated for having traveled to Missouri to have sexual intercourse with a minor, the defendant made the seemingly incomprehensible decision to return to Missouri for the same illicit purposes. This time, however, Herren's desire was not just to engage in a few

minutes long sexual encounter in the back seat of his car. Rather, the defendant had the more insidious plan to bring a minor child back to his home in Kentucky for at least a week long stay. Herren wanted to create an environment where he could have sexual intercourse with the minor in the privacy and comfort of his own home as many times as he wanted and as often as she was willing, secure in the knowledge that "Jenny's" mother would never know her child's true whereabouts.

Though the defendant clearly knew the risks involved with traveling back to Missouri to have sex with a minor, he either coolly decided that bringing "Jenny" to his home in Kentucky was a prize worth sacrificing his liberty for, or he simply could not overcome the sexual temptation that the situation presented. Regardless of his rationale, Herren's disturbing decision to engage in contact with and pursue "Jenny" for the sole purpose of again having sexual intercourse with a minor, knowing he was under criminal investigation for similar conduct, indicates a predatory pattern of conduct that warrants an above-Guidelines sentence.

### B. The History and Characteristics of the Defendant (§ 3553(a)(1))

Notably, the defendant's criminality is not limited solely to his contact with MV and "Jenny." During the investigation into Herren's contact with MV, the defendant was interviewed by FBI agents. During this interview the defendant admitted the following (PSR ¶ 10):

- Herren had previously received images of child pornography through an online chat room;

- Some of the children in the photographs he received were as young as 2 years old;

- Herren possessed images of children being molested;

- After receiving these images of child pornography, Herren forwarded them to another person in the online chat room; and

- Whenever he was alone in his residence, Herren thought about children and sex.

5

A forensic analysis of the defendant's cell phone and computer was conducted. Two images of "child erotica" were found on Herren's computer. Both images were of a prepubescent girl who was nude from the waist up. One of the images depicted the child holding her breast in her hand and licking it with her tongue. The defendant's Internet chat room history indicated that he had discussed meeting minor females for sex, had sent photos or webcam shots of his penis to minors, and had told others he had sex with a 13 year old when he was 22 years old. (PSR ¶ 11.)

Herren's involvement in child pornography that includes collecting images of very young children being molested coupled with his statements regarding his sexual desire for children are alarming as they indicate a sexual attraction to children many years younger than MV and "Jenny." The defendant's purported statement that he had sex with a 13 year old when he was 22 is also troublesome as it suggests that Herren has struggled with his deviant sexual desire for children for at least the last 30 years.

## CONCLUSION

Any sentence the Court imposes must contemplate the danger the defendant poses to children of all ages, his complete lack of restraint as demonstrated by the extreme efforts he made to have sex with minors, and the total disregard for, and unwillingness to obey the law despite his knowledge of the possible consequences. Herren's exercise of free will in this case calls for a variance based sentence of 23 years.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By     */s/ David Luna*

David Luna #57057
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 6, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ David Luna*

David Luna
Assistant United States Attorney