IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-00018-01-CR-W-DGK |
| | ) | |
| MARVIN D. HERREN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S 18 U.S.C. § 3553 SENTENCING MEMORANDUM**

Comes now the defendant, Marvin Herren, by and through counsel, Carie Allen, Assistant Federal Public Defender, and moves this Court to consider a non-guideline sentence in this case and sentence Mr. Herren to a term of imprisonment below the advisory guideline range based on the sentencing criteria established at 18 U.S.C. § 3553.

**SUGGESTIONS SUPPORTING SENTENCE**

In imposing any sentence, 18 U.S.C. § 3553 generally directs that the Court shall impose a sentence sufficient, but not greater than necessary. Among the factors for the Court to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. (See 18 U.S.C. § 3553(a)).

The advisory sentencing guidelines are one of several factors for the Court to consider, but a district court may not begin with the presumption that those guidelines are reasonable. *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018-1019 (8th Cir.2008) (*citing United States v. Gall*, 128 S. Ct. 586, 596-597 (2007) and *United States v. Rita*, 127 S. Ct. 2456 (2007)).

## History and Characteristics of Mr. Herren

As detailed in the Presentence Investigation Report (PSR), Mr. Herren has a significant history of mental illness. While he has received treatment, it appears that this treatment has been inconsistent and sporadic. He has attempted suicide multiple times, but most of these attempts have resulted in only brief inpatient treatment, the most recent being from June 26 to July 7 or 2014. He has also had a wide range of diagnosis, including bi-polar disorder, depression, and Asperger's syndrome characteristics. Since he has been incarcerated, he has received Depakote and fluxetine for his mental illness, and has seen his symptoms stabilize. Even a below guideline sentence will result in a lengthy incarceration at the Bureau of Prisons. During this time, he will continue to have access to mental health care. This extended period of treatment will assist him in dealing with his mental illness when he is released.

Despite Mr. Herren's mental health issues, he has no criminal history. He is also an Army Veteran. He served in the Army from 1985 to 1989, and was honorably discharged- receiving a good conduct medal, an Army service medal, and an Army

achievement medal. Based on his age at the time of his activity duty, it is likely that this active duty was prior to the onset of his mental illness. After his discharge from the Army, he served in the Army Reserve from 1992-1993 and the Pennsylvania National Guard from 2000 to 2006.

### Seriousness of the Offense, Respect for the Law, and Deterrence

For Mr. Herren, the punitive purpose of sentencing can be achieved with a below-range sentence. Prior to this case, he has never served a period of incarceration. In fact, he has never been convicted of a crime. Even a below-range sentence will, therefore, be more than a sufficient deterrent for Mr. Herren individually, as well as sending a message to others.

Moreover, excessively lengthy sentences of incarceration do not provide deterrence. There is "little empirical evidence that increases in the length of already long prison sentences yield general deterrent effects that are sufficiently large to justify their social and economic costs." *United States v. Valdovinos*, 760 F.3d 322 (4th Cir. 2014) (citing Daniel S. Nagin, Deterrence in the Twenty-First Century, 42 Crime and Justice 199, 201(M. Tonry, ed. 2013)) (Davis, J., dissenting). Instead, deterrence is promoted by the "certainty of apprehension," rather than "the ensuing legal consequence." Nagin at 1 (abstract).

### Protect the Public

Even with a below the guidelines sentence, Mr. Herren will be in his sixties

3

before he returns to the community. In addition, he will be subject to as a possible lifetime period of post-imprisonment supervision by the Court. During this supervision, the court will be able to set appropriate prohibitions, such as on his internet usage and his travel, which would provide safeguards in protecting the public.

Lengthy sentences of incarceration do not decrease the risk of recidivism. See Sentencing Project, Incarceration and Crime: A Complex Relationship 7 8 (2005) (the "rapid growth of incarceration" has had a "profoundly disruptive" and destabilizing effect on "family and community bonds" and contributes to "an increase in recidivism and future criminality"); USSC, Sentencing Options Under the Guidelines, at 10 (Nov. 1996) (incarceration increases risk of recidivism by exposing the offender to the "criminogenic effects of imprisonment which include contact with more serious offenders, disruption of legal employment, and weakening of family ties").

### Rehabilitation

During his time in the Bureau of Prisons, Mr. Herren will participate sex offender treatment, and will likely be placed in the Residential Sex Offender Treatment Program, depending on his risk assessment level. According to the Federal Bureau of Prisons' Sex Offender Programs Statement, this is a "high-intensity program" that has been "proven effective in reducing recidivism." This program requires no less than 400 hours of programming. Inmates participate in group therapy and individual counseling as needed.

## Conclusion

The "overarching provision" of 3553(a) that guides the court's evaluation of an appropriate sentence is a limiting one: the court must impose a sentence that is "sufficient, but not greater than necessary" to satisfy the statutory goals of sentencing. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). This principle operates to set an "independent limit on the sentence a court may impose." *United States v. Jimenez-Beltre*, 440 F.3d 514, 525-26 n.8 (1st Cir. 2006) (Howard, J., concurring); *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) (district court's "mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)"). A review of Mr. Herren's case in light of this guiding principle and the sentencing criteria enumerated at 18 U.S.C. § 3553 demonstrates that a below guideline sentence is more than sufficient.

WHEREFORE, defendant requests this Court to impose a sentence below the advisory guideline range recommended in the presentence investigation report.

Respectfully submitted,

 /s/ Carie Allen
Carie Allen
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that on December 15, 2015, the foregoing motion was electronically filed and delivered to David Luna, Asst. U.S. Attorney, 400 E. 9th, Kansas City, MO 64106.

                                                /s/ Carie Allen
                                                Carie Allen